IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CV-58-BO

| | |
|---|---|
| ANTHONY L. MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CITY OF ROCKY MOUNT, ) | |
| LOUISE W. FLANAGAN, and ) | |
| WILLIAM A. WEBB, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Anthony L. McNair ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. Preliminarily, the court must determine whether the case is barred by a pre-filing injunction against plaintiff. For the reasons set forth below, the case is not barred by the injunction, the motion to proceed *in forma pauperis* will be allowed, and it will be recommended that the case be dismissed pursuant to the frivolity review for failure to state a claim.

## BACKGROUND

Plaintiff's complaint consists of a 4-page form (D.E. 1-1) completed in handwriting. He names as defendants the City of Rocky Mount, and United States District Judge Louise W. Flanagan and United States Magistrate Judge William A. Webb, both judges of this court. The entirety of plaintiff's claim is set out in a single sentence: "[Defendants] did conspire unconstitutionally depriving [plaintiff] of his human rights to enslave him from a life live by commit illegal and unlawfully acts (2005-2013)." (Compl. 2).

## INAPPLICABILITY OF PRE-FILING INJUNCTION

This court in *McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 WL 1743478 (E.D.N.C. 2 May 2011) entered a pre-filing injunction against plaintiff ("Pre-filing Injunction"). Pursuant to the Pre-filing Injunction, plaintiff is enjoined from filing: (1) "any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994)"; or (2) "any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings." *Id*. at *3. The basis for the Pre-filing Injunction was plaintiff's repetitive[1] filing of frivolous lawsuits in which he alleges that "the judges, prosecutors, defense attorneys, and police officers involved in plaintiff's various prosecutions in state court have deprived him of his constitutional rights." *Id*. at *1. The Pre-filing Injunction prohibits plaintiff from filing any lawsuit that falls within the specified subject matter and requires him to attach a copy of the Pre-filing Injunction to any complaint he files regardless of the subject matter. *Id*. at *3.

The court finds that this case is not subject to the Pre-filing Injunction. As indicated, two of the named defendants are federal court judges, and the Pre-filing Injunction pertains only to claims involving state court proceedings. While plaintiff could conceivably have intended to bring claims against the remaining defendant, a municipality, that are prohibited by the Pre-filing Injunction, the skeletal nature of the allegations of the complaint precludes the court from making that determination with reasonable certainty. The court will therefore proceed to address the other pending issues presented by plaintiff's case.

---

[1] As of the date of this order, plaintiff has filed a total of 23 cases in this court.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

## II. Failure of Plaintiff's Complaint to State a Claim

The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. As noted above, plaintiff's only allegation is that defendants "did conspire unconstitutionally depriving [plaintiff] of his human rights to enslave him from a life live by commit illegal and unlawfully acts (2005-2013)." (Compl. 2). This statement is clearly insufficient to give defendants notice of the claims plaintiff is attempting to assert against them. Because plaintiff's complaint fails to state a claim upon which relief may be granted, this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## III. Conclusion

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 27 March 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review

---

[2] The court acknowledges that there are likely other bases for dismissing some of plaintiff's claims. For example, plaintiff's claims against the two federal judge defendants would likely require dismissal on the basis of judicial immunity. *See In re Mills*, 287 Fed. Appx. 273, 279 (4th Cir. 2008) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

4

by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 13th day of March 2013.

_____
James E. Gates
United States Magistrate Judge