IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-58-BO

ANTHONY L. MCNAIR, )
           Plaintiff, )
)
v. ) ORDER
)
CITY OF ROCKY MOUNT, LOUISE W. )
FLANAGAN, and WILLIAM A. WEBB, )
           Defendants. )
)

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge James E. Gates regarding frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has objected to the memorandum and recommendation (M&R), and the matter is ripe for review. For the reasons discussed below, the Court adopts the M&R and dismisses plaintiff's complaint.

## BACKGROUND

Plaintiff filed this action alleging that defendants "did conspired unconstitutionally depriving [plaintiff] of human rights to enslave him from a life live by commit illegal and unlawfully acts (2005-2013)." The M&R concludes that, although plaintiff's complaint is not barred by a prefiling injunction currently in place, plaintiff has failed to state any claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and recommends that this matter be dismissed.

## DISCUSSION

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To make a frivolity determination, a court may designate a magistrate judge "to submit . . . proposed findings of fact and recommendations" for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B).

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). De novo review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, de novo review may be dispensed with." *Id.*

The recommendation that this matter be dismissed is based upon plaintiff's complete failure to make a short and plain statement of his claims, Fed. R. Civ. P. 8(a)(2), and the resulting failure to give defendants notice of the claims plaintiff is attempting to assert against them. *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's objections to the M&R point to no specific error in Judge Gates' recommendation, but rather make numerous contentions regarding human rights in general. Further, plaintiff's bare statements in his objections that defendants conspired "to enslave [plaintiff] human rights as a sex offender, with a sexual assault charge for almost 9 years" and conspired to "enslave [plaintiff] with prisoner case laws" provides no further factual

2

enhancement upon which the Court could find that plaintiff has stated a claim for relief. *Bell Atl. Corp.*, 550 U.S. at 557.

Because plaintiff has made no specific objections, the Court has reviewed the M&R for plain error and finds none. Even upon reviewing plaintiff's complaint de novo, however, the Court finds that dismissal of this action as frivolous is appropriate.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the M&R [DE 4]. Accordingly, for the reasons discussed therein, plaintiff's complaint is hereby DISMISSED in its entirety.

SO ORDERED, this 9 day of May, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE